UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK MICHAUX, JR.,

    Plaintiff,

v.

Case No. 25-11996
Hon. Jonathan J.C. Grey

NEW ROADS COLLISION CENTER
*formerly known as*
TOTAL CAR CARE

    Defendant.
_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING COMPLAINT

Pro se plaintiff Frank Michaux, Jr. filed this case and an application to proceed without prepaying costs and fees on July 2, 2024. (ECF Nos. 1, 2.) In his complaint, Michaux alleges Defendant New Roads Collision Center ("NRCC") violated Michigan's Motor Vehicle Service and Repair Act, Mich. Comp. Laws § 257.1301 et seq. ("MVSRA"), and committed constructive fraud through misrepresentation and conversion. (ECF No. 1.)

For the following reasons, the Court **GRANTS** Michaux's application to proceed without prepaying fees and costs and

**DISMISSES** the complaint under 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction.

I.     **BACKGROUND**

Michaux alleges that, on April 4, 2022, his vehicle was involved in a collision and, subsequently, taken to NRCC for repairs. (ECF No. 1, PageID.8.) Michaux's insurance provider allegedly approved two payments to NRCC to repair Michaux's vehicle. (*Id.*) Michaux claims NRCC received two checks: one in the amount of $8,195.51 on April 26, 2022 and another in the amount of $4,265 on May 2, 2022. (*Id.*) Due to delays, Michaux allegedly has not had access to his vehicle for the past three years. (*Id.*)

II.     **LEGAL STANDARD**

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Further, the Court can only hear cases if it has subject matter jurisdiction over the claims. The Court can dismiss a complaint at any time on its own if it finds that it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Generally, the Court can only hear cases dealing with federal questions pursuant to 28 U.S.C. § 1331, or that meet the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III.  ANALYSIS

The Court finds that Michaux is unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court also finds that it does not have subject matter jurisdiction over any of Michaux's claims. Although Michaux alleges that there is complete diversity between the parties, the complaint lists Michigan as NRCC's place of incorporation and principal place of business. (ECF No. 1, PageID.4.) Since Michaux also claims that he is a citizen of Michigan, there is no diversity of citizenship here. (*Id.* at PageID.4); 28 U.S.C. § 1332.

Additionally, none of Michaux's claims arise under federal law. Fraud and conversion are state law claims, as is the claim brought under

Michigan's MVSRA. (*See id.* at PageID.9.) Due to the disjointed nature of the complaint, the Court is unclear if Michaux is bringing any additional claims. Nevertheless, none of Michaux's possible additional claims arise under federal law. (*See id.* at PageID.8–9) (alleging NRCC "breached" its "duty of good faith and fair dealing" and its duty to "process and complete repairs in a timely and reasonable manner" through "neglect, delay, and failure to take appropriate action regarding [Michaux's] vehicle."). Therefore, the Court does not have subject matter jurisdiction over Michaux's claims. *See* 28 U.S.C. § 1331.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Michaux's application to proceed without prepaying and **DISMISSES WITHOUT PREJUDICE** this action against the NRCC.

    SO ORDERED.

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
Date: July 14, 2025        United States District Judge

5

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
